UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HAMMOND MURPHY,<br><br>Plaintiff,<br><br>v.<br><br>PURA SCENTS, INC.,<br><br>Defendant. | CIVIL ACTION NO.  1:23-cv-77 |

### BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

#### I.      INTRODUCTION

This Title III action is deficient as a matter of law because it fails to plead the existence of a place of public accommodation. Third Circuit law requires that a place of public accommodation under Title III of the Americans with Disabilities Act ("ADA") encompass a physical place. A claim brought under Title III must therefore establish a nexus between the allegedly denied services and a physical place of business owned, leased, or operated by the defendant. The Complaint (ECF Doc. 1) filed by plaintiff Anthony Hammond Murphy ("Murphy") states offers no allegations that Defendant Pura Scents, Inc. ("Pura") owns, leases, or operates a physical place of business open to the public. As such, the Complaint fails to state a claim upon which relief can be granted under Title III.

#### II.      FACTS AND PROCEDURAL HISTORY

Murphy is a legally blind resident of Pennsylvania suing Defendant Pura under Title III of


the ADA. *See generally* Complaint. Murphy alleges that Pura's website is insufficiently accessible to him and that he has suffered an injury as a result. *See, e.g.*, Complaint, ¶¶ 1-3, 6-7, 12, 30-34, 54-55. Murphy makes no allegation that Pura operates a physical place of business and instead alleges that Pura's operations occur through its "online store" and "Digital Platform." *See, e.g.*, Complaint, ¶¶ 2-4, 7, 11-12, 19, 30-34, 50, 54-55. Murphy asserts that Pura operates a "place of public accommodation under Title III" because it "provides goods and services to the public." Complaint, ¶ 45.

For the following reasons, Pura now brings a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).

### III.   QUESTION PRESENTED

**Question:** Whether Murphy has sufficiently plead the existence of a place of public accommodation necessary to bring suit under Title III of the ADA?

**Suggested Answer:** No. Under Third Circuit precedent, a place of public accommodation requires the existence of a physical place of business. The Complaint fails to allege any facts establishing a nexus between the allegedly denied services and a physical place of business. Thus, Murphy fails to state a claim upon which relief can be granted.

### IV.   LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, as to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In a Rule 12(b)(6) motion, the court

evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law." *Gould Electronics Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

Title III of the ADA instructs: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any **place of public accommodation** by any person who owns, leases (or leases to), or operates a **place of public accommodation**." 42 U.S.C. § 12182(a) (emphasis added).

## V.     ARGUMENT

### a. The Complaint Fails to State a Claim under Title III of the ADA Because It Does Not Allege a Nexus Between Pura's Website and a Physical Place of Business.

As a legal matter, the Complaint is incorrect that "a place of public accommodation" under Title III is anything that "provides goods and services to the general public." *See* Complaint, ¶ 45. In truth, circuit courts are split on whether a "public accommodation" under Title III must encompass a physical place of business. *Compare Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006, 1010-11 (6th Cir. 1997) ("As is evident… a public accommodation is a physical place and this Court has previously so held"), *with Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n of New England, Inc.*, 37 F.3d 12, 19-20 (1st Cir. 1994) (holding that places of public accommodation are not "limited to actual physical structures"). The Third Circuit, however, has adopted the position that a public accommodation under Title III requires the existence of a

**physical** place of public accommodation. *Peoples v. Discover Financial Serv., Inc.*, 387 F. App'x, 179, 183 (3d Cir. 2010) ("Our court is among those that **have taken the position** that the term [public accommodation] is **limited to physical accommodations."**) (Citing *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998) (emphasis added)).

The status of the law in this circuit is unambiguous – a place of public accommodation under Title III must entail the existence of a physical place. The Third Circuit reiterated its position in 2010, by which point websites and ecommerce were ubiquitous. *See Peoples*, 387 F. App'x at 183. Neither Congress nor the Third Circuit has created a carve out for website accessibility cases under Title III that negates the necessity of a physical place.

Claims made under Title III therefore require "some nexus between the services or privileges denied **and the physical place of the… public accommodation**." *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 122 (3d Cir. 1998). At present, the Third Circuit's definition of a place of public accommodation requires that the defendant own, lease, or operate a **physical** place of business connected to the website. *See id*. *See also Mahoney v. Herr Foods Inc.*, 2020 WL 1979153, at *2 (E.D. Pa. April 24, 2020) ("The unmistakable language of the Third Circuit's decisions in Ford and Peoples compels the conclusion that Defendant's website, on its own, is not a public accommodation under the ADA. The law of this Circuit is that a physical place or location (or a nexus to a physical place or location) is required."); *See also Mahoney v. Bittrex, Inc.*, 2020 WL 212010, at *3 (E.D. Pa. January 14, 2020) ("Because the Third Circuit has not extended the ADA's protections to websites beyond the nexus requirement, this Court cannot

4

. . . Accordingly, this Court is bound by the Third Circuit's 'position that the term [public accommodation] is limited to physical accommodations.' Defendant's Website, by itself, is not a public accommodation and, therefore, Plaintiff's claim fails as a matter of law." (internal citations omitted)). The nexus test remains binding Third Circuit law and must be followed until the Third Circuit rules otherwise.

Accordingly, the Complaint should be dismissed. Murphy's claims arise under Title III; under Title III, a plaintiff must plead the existence of a "place of public accommodation" owned, leased, or operated by the defendant; the Third Circuit requires that a place of public accommodation under Title III encompass a "physical" place of business. *See, e.g.*, *Menkowitz*, 154 F.3d at 122; *Ford*, 145 F.3d at 612; *Peoples*, 387 F. App'x at 183. No such allegation is made in this case.

Murphy's Complaint includes 20 pages and 55 separate paragraphs of allegations. Nothing in the Complaint identifies a physical place of business that Pura "owns, leases (or leases to), or operates" or a nexus between the alleged denial of services and a physical place of business owned, leased, or operated by Pura. *See* 42 U.S.C. § 12182(a). Under the established binding precedent of the Third Circuit, only one conclusion may be legally drawn from a review of Murphy's Complaint – he has failed to state a claim under Title III upon which relief can be granted, thereby necessitating dismissal of the Complaint.

## VI.     **CONCLUSION**

For the foregoing reasons, Defendant Pura Scents, Inc. respectfully requests that this Court dismiss Plaintiff Anthony Hammond Murphy's Complaint, with prejudice and as a matter of law.

DATED this 4th day of August, 2023

> By: /s/ **H. Scott Jacobson**
> H. Scott Jacobson, Esquire (admitted Pro Hac Vice)
> STRONG & HANNI
> 9350 South 150 East, Suite 820
> Sandy, UT 84070
> P: 801-532-7080
> F: 801-596-1508
> sjacobson@strongandhanni.com
>
> John T. Pion, Esquire (PA #43675)
> Jordan C. Hettrich, Esquire (PA #313597)
> PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.
> 420 Fort Duquesne Boulevard
> 1500 One Gateway Center
> Pittsburgh, PA 15222
> P: 412-281-2288
> Jpion@pionlaw.com
>
> *Attorneys for Defendant Pura Scents, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED was served on this 4th day of August, 2023 through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

By: /s/ **_H. Scott Jacobson_**
H. Scott Jacobson, Esquire (admitted Pro Hac Vice)
STRONG & HANNI
9350 South 150 East, Suite 820
Sandy, UT 84070
P: 801-532-7080
F: 801-596-1508
sjacobson@strongandhanni.com

John T. Pion, Esquire (PA #43675)
Jordan C. Hettrich, Esquire (PA #313597)
PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.
420 Fort Duquesne Boulevard
1500 One Gateway Center
Pittsburgh, PA 15222
P: 412-281-2288
Jpion@pionlaw.com

*Attorneys for Defendant Pura Scents, Inc.*